IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2015

**ROBERT W. RODDY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rhea County**
**No. 16326     J. Curtis Smith, Judge**

_____

**No. E2014-01436-CCA-R3-PC – Filed May 15, 2015**

_____

The petitioner, Robert W. Roddy, was convicted of two counts of first degree (premeditated) murder and one count of aggravated assault, a Class C felony. He received a sentence of two life terms and an additional four years, all to be served consecutively. In his post-conviction petition, the petitioner argues that trial counsel was ineffective for failing to object to the testimony regarding his behavior after he was transported from the scene of the crime. The post-conviction court found that trial counsel did not perform deficiently. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

James S. Smith, Jr., Rockwood, Tennessee, for the appellant, Robert W. Roddy.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; J. Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

The petitioner was convicted after the proof at trial showed that he shot and killed two victims, Robert C. Hawkins and Mikel L. Hawkins, and pointed his weapon at a third victim, Teresa Gaynell Byrd. *State v. Robert W. Roddy*, No. E2007-02185-CCA-R3-CD, 2008 WL 4117865, at *1 (Tenn. Crim. App. Sept. 8, 2008). Several witnesses saw the shooting and reported that the petitioner appeared intoxicated at the time. *Id.* at *1-3.

Paramedics arrived on the scene and treated the petitioner's head injury. *Id.* at *3. The petitioner was belligerent and hostile toward the male paramedic, Paul Putnam. *Id.* However, whenever Mr. Putnam's female partner, Tiffany Coy, was in the petitioner's vicinity, "he would calm down." *Id.* The petitioner told Ms. Coy that "'he would do anything for' her." *Id.* While en route to the hospital, the petitioner attempted to get Ms. Coy's phone number and repeatedly asked her to be his girlfriend. *Id.*

The petitioner had to be transported to Erlangher Hospital to treat his head wound, and James Wolfe was in charge of the transport. *Id.* The petitioner struck Mr. Wolfe when Mr. Wolfe attempted to secure him for transport, and the petitioner had to be sedated. *Id.* According to Mr. Wolfe, the petitioner "did not have any problems understanding him or any other medical professional." *Id.*

After this court upheld the petitioner's convictions, he filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel, and counsel filed an amended petition. The post-conviction court held a hearing on the petition.

The petitioner did not appear at the post-conviction hearing and did not call any witnesses. Post-conviction counsel introduced a handwritten note, signed by the petitioner, indicating that he understood his right to be present at the hearing and his desire to waive that right. Counsel recited the list of allegations from the petition for post-conviction relief, including the petitioner's allegation that trial counsel[1] were ineffective for failing to object to the testimony regarding the petitioner's behavior after the shootings. Counsel argued that proof that he was abusive to several medical personnel was prejudicial because "it would not endear" the petitioner to the jury. Counsel argued that the parties could have stipulated as to how the petitioner received an injury to his eye socket and that keeping "that proof out would have placed [the petitioner] in a much better light with the jury."

The State responded to the allegation, arguing that the testimony showing that the petitioner was "laughing and drinking a beer" after shooting one of the victims was relevant to show that the killings were premeditated and to negate a claim of self-defense.

---

[1] The petitioner was represented by two attorneys at trial, and we will refer to both attorneys collectively as "trial counsel."

The State also contended that testimony that the petitioner was fighting with the male paramedics and "coming onto" the female paramedic was relevant to negate the defense of intoxication. The State argued that the testimony of Mr. Wolfe that the petitioner "understood everything that [paramedics] were saying to him, but he just didn't want us treating him, but he wanted to flirt with the female" showed that he was not so intoxicated that he could not form the requisite mental state for premeditated murder.

The post-conviction court issued a written order denying the petition. The petitioner filed a timely notice of appeal from the denial. We now proceed to consider his claim.

## ANALYSIS

### I. Ineffective Assistance of Counsel

The petitioner argues that trial counsel were ineffective for failing to object to the testimony of medical personnel regarding the petitioner's behavior immediately after the shooting and while he was transported to the hospital. Specifically, he contends that after the jury heard this testimony, "there could be no reasonable doubt that the jury was so prejudiced against [the petitioner] and found him to be such a loathsome person that they were simply not capable of dealing rationally with the requirements of premeditation necessary for a finding of first degree murder."

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2010). The petitioner bears the burden of proving the allegations of fact giving rise to the claim by clear and convincing evidence. *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). This court generally defers "to a post-conviction court's findings with respect to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn. 2013). Claims for post-conviction relief premised on ineffective assistance of counsel present mixed questions of law and fact, which this court reviews de novo with no presumption of correctness. *Id.*

Both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the right to counsel. This right affords an individual representation that is "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove by clear and convincing evidence that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the petitioner to the degree that the petitioner did not receive a fair trial. *Strickland*, 466 U.S. at 687. A petitioner satisfies the deficiency prong of the test by showing that counsel's representation fell below an objective standard of reasonableness; that is, "the services rendered or the advice given must have been below 'the range of competence demanded of attorneys in criminal cases.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Baxter*, 523 S.W.2d at 936); *see Strickland*, 466 U.S. at 687. The petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Courts evaluating the performance of an attorney "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). In order to fairly assess counsel's conduct, every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996).

Prejudice requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either deficiency or prejudice, post-conviction relief is not appropriate, and this court need not address both components if the petitioner makes an insufficient showing as to one component. *Grindstaff*, 297 S.W.3d at 216 (citing *Goad*, 938 S.W.2d at 370).

The petitioner argues that trial counsel should have objected to the testimony of the paramedics. At the post-conviction hearing, the petitioner did not present any evidence that trial counsel were deficient or that he suffered prejudice. Neither the petitioner nor trial counsel testified at the hearing. The petitioner made no showing that the failure to object was deficient or that this failure likely affected the outcome of the proceeding, as his actions after his transport were relevant to show his state of mind at the time and to negate claims of self-defense and voluntary intoxication. *See Robert Roddy*, 2008 WL 4117865, at *7. We conclude that the petitioner received the effective assistance of counsel. He is not entitled to relief.

4

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the post-conviction court.

*i*

_____
JOHN EVERETT WILLIAMS, JUDGE